## Dunlay *v.* United Traction Company, Appellant.

*Negligence—Street railway—Explosion of controller—Stampede of passengers.*

If a motorman of an electric car after the explosion of the controller, when he is in no danger, abandons his post and in full view of the passengers upon a crowded summer car, many of whom are women and children, jumps over the back of the front seat among the passengers, leaving the car to run uncontrolled and apparently on fire, it is for the jury to say whether the act was not negligent, and such as to necessarily throw the passengers into a panic and reasonably lead them to the conclusion that they were in imminent peril. In such a case a verdict and judgment for one of the passengers who was injured in the panic will be sustained.

In an action against a street railway company to recover damages for personal injuries sustained in a panic in a street car caused by the explosion of the controller of the car, the defendant is not entitled to binding instructions where the plaintiff has offered evidence, which if believed, warranted a finding that the motorman continued to operate the car after he ought to have known that, unless he stopped, the usual and ordinary result would be the burning out of the controller.

Argued May 11, 1901. Appeal, No. 131, April T., 1901, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1900, on verdict for plaintiff, in case of William Dunlay and Ida Dunlay, his Wife, v. The United Traction Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries.   Before McClung, J.

At the trial it appeared that on July 19, 1899, Ida Dunlay was injured by a stampede on one of defendants' electric cars, resulting from the explosion of the controller of the car.   The circumstances of the accident are stated at length in the opinion of the Superior Court.

. The rule of the company referred to in the opinion was as follows:

" In case of car bucking, the first duty of motorman will be to ascertain which motor is causing the trouble.   This can be ascertained by cutting out one motor at a time, and trying car for a short distance.   If after this trial the trouble still remains, stop car and have the car following push disabled car to the shed."

The court charged in part as follows :

[This rule that has been invoked here does not seem, under the evidence in this case, to have been enacted for the safety of the passengers from any direct injury by an explosion of this sort, and the rule probably has not much effect excepting insofar as it confirms the assertion of the motorman that this bucking or thumping indicates a danger of some occurrence of this sort, some explosion or flash in the controller.] [1]

[Now, you will recollect that the plaintiff's witnesses say that there was this grinding and thumping noise which is called bucking, and I believe the motorman himself says that that indicates that there is likely to be an explosion in the controller.] [2]

1. That under all the evidence in the case, the verdict must be for the defendant.   *Answer :* Refused. [3]

4. Even if the jury believe that the motorman jumped back into the car to avoid the flame, as there is no evidence that he pushed Mrs. Ida Dunlay off the car or touched her, there could be no recovery in this case.   *Answer :* This is refused.   Even if he did not push her off, if he, by his action, created a panic, and that panic was such that this was a natural and proximate result of it, then the company might still be liable. [4]

Verdict and judgment for plaintiff for $3,500.   Defendant appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*Edwin W. Smith*, with him *Knox & Reed*, for appellant.—
The negligence of the motorman was the proximate cause of
the injury: South Side Pass. Ry. Co. v. Trich, 117 Pa. 399;
Kleiber v. People's R. R. Co., 14 Law. Rep. Ann. 613 ; Jones
v. Boyce, 1 Starkie, 493; Stokes v. Saltonstall, 13 Peters, 181 ;
Chicago, Rock Island & Pacific Ry. Co. v. Felton, 125 Ill. 458.

*F. C. McGirr*, of *Marron & McGirr*, for appellee.

OPINION BY W. D. PORTER, J., July 25, 1901 :

The language of the court complained of in the first specifi-
cation of error seems to have been fully warranted by the evi-
dence.  The rule of the company, to which the learned judge
referred, was shown by the evidence to have been enacted for
the protection of the machinery and not for the safety of the
passengers.  The term "bucking of the car," used in the rule,
seems to have had a peculiar significance among the employees
of that line.  It referred to an irregularity in the action of the
machinery by which the car was propelled.  It was described
by John Murphy, defendant's superintendent, as "a sudden
stoppage of the motor, trying to reverse itself;" "a jerking of
the motor;" "it checks the movement of the car."  This wit-
ness testified that when this occurred the car was disabled.
The rule required the motorman who found this condition of
the car to exist, to stop and have the following car push the
one disabled to the shed.  This witness testified that the dan-
ger was "to the motor, not to the controller."  He went further,
however, and testified: "The danger to the motor is of the
resistance being burned out, and the current getting from the
copper wire to the iron pole-pieces."  He had already testified
that the controller consisted of the resistance coils and a lever
used in connection with them, by which the coils were inter-
posed to retard the current, or cut out so as to permit the full
current to reach the motor.  It thus appears that the usual and
ordinary consequence of using the machinery after it had ex-
hibited symptoms of bucking was the burning out of the re-
sistance coils, which were a part of the controller, and the pur-
pose of the rule was to prevent this and the resulting injury to

the motor.   The rule was, therefore, corroborative of the testimony of the moterman, that when a car bucked there was danger of the controller burning out.   There was no error in so saying to the jury, and the first specification of error is dismissed.

The complaint of the language of the court which is the subject of the second specification of error is that it refers to "this grinding and thumping noise which is called bucking."   The witnesses had used various terms in describing the peculiar action of the machinery of the car.   Some of them had referred to it as a thumping or rasping sound from underneath the car; others had called it a kind of a jerking of the car, while others had said it was a ripping sound under the car.   The motorman had testified that, when a car bucked, there was a kind of rumbling noise of the machinery.   The jury could not have been misled by this reference to the terms used by the witnesses, in describing the peculiar sound produced by the machinery while in this disabled condition.   The motorman testified unequivocally that when a car bucked it indicated that there was danger of an explosion of the controller, but denied that this car had exhibited any symptoms of bucking.   The court left the question of fact to the jury in a charge so clear that the defendant has no ground of complaint.

The request of the defendant for binding instructions was properly refused.   The plaintiff had offered evidence which, if believed, warranted a finding that the motorman continued to operate the car after he ought to have known that, unless he stopped, the usual and ordinary result would be the burning out of the controller.   This testimony was contradicted by the witnesses of the defendant.   The court left the question of fact to the jury, and instructed them that if upon this question they found in favor of the plaintiff, then, "you have to consider whether it would have been the part of an ordinarily prudent man to have anticipated that this was likely to produce a panic and injury to the passengers, and that it was his duty either to stop for the aid of another car or to stop and caution the passengers so as to avoid this panic, but if there was no thumping or bucking or any premonitory symptoms of an explosion, then there is no evidence up to this point of any negligence which would make the defendant company liable."   It is, however, con-

tended on behalf of the defendant that the panic which resulted from the explosion of the controller was a reckless stampede which no reasonable prudence could have foreseen as likely to occur. The defendant offered no evidence which seemed to indicate that there was anything unusual attendant upon the burning of this controller; we must therefore assume that they ought to have foreseen just what did follow the negligent act in this case, if the motorman was guilty of negligence. There was a flash from the controller and the flames continued while the car was running a square and a half; the motorman was, at least temporarily, interfered with in the use of the lever and the brake by which he usually controlled the movement of the car; and the passengers in a crowded car saw it with its front platform apparently on fire running through the street of a city at a high rate of speed, not subject to the control of those whose duty it was to operate it. We cannot say that there was nothing in this condition of affairs to justify a finding that there was an appearance of actual impending danger, and that there existed a reasonable cause of alarm. If the burning out of this controller had presented unusual incidents, if the explosion had been extraordinarily violent or the resulting fire greater than could have been foreseen as likely to follow the negligent act, other questions would have been involved, but we have here nothing of that kind. The appearance of danger was caused by the negligent manner of operating the car, and the conditions were such that it was not for the court to say that a panic ought not reasonably to have been expected to result. The question was for the jury.

The plaintiff offered evidence which, if believed, warranted a finding that the motorman was guilty of negligence after the fire occurred, even if there was no negligence in the manner of his operating the car prior to that event. Several witnesses testified that the motorman after the explosion abandoned his post and jumped over the back of the front seat of the car, which was the ordinary summer car and crowded with passengers, leaving the car to run wild. The evidence clearly established that the motorman was in no danger at his post on the front platform, although the fire prevented his moving the lever of the controller and interfered, temporarily, with his use of the brake. The motorman testified that he knew these facts. The defend-

ant requested the court to charge the jury that, even if they believed that the motorman did so jump back into the car, there was no evidence that he pushed Mrs. Dunlay off the car, and there could be no recovery. The refusal of the court to so charge is made the subject of the fourth assignment of error. The learned judge of the court below, in connection with the refusal of this point, instructed the jury that if they found that this action of the motorman created a panic and that panic was such that this was a natural and proximate result of it, then the company might still be liable. In this there was no error. If the motorman, when he was in no danger, abandoned his post and in full view of the passengers upon a crowded car, many of whom were women and children, jumped over the back of a seat among the passengers, leaving the car to run uncontrolled and apparently on fire, it was for the jury to say whether the act was not negligent and such as to necessarily throw the passengers into a panic and reasonably lead them to the conclusion that they were in imminent peril. There was here sufficient evidence to warrant a finding that the negligent act of the employee of the defendant company gave rise to a reasonable apprehension of danger upon the part of the passengers, and caused a panic in which the plaintiff was injured. The court would not have been warranted in withdrawing this evidence from the consideration of the jury.

The judgment is affirmed.